# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1246
Lower Tribunal No. 2020-DR-002544-O

_____

MELISSA ELIZABETH HARRELL HESSERT,

Petitioner,

v.

GARY BELL HESSERT and MEGAN WEILAND-PULAYYA,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Orange County.
Craig A. McCarthy, Judge.

August 16, 2024

PER CURIAM.

Petitioner, Melissa Elizabeth Harrell Hessert, filed a petition for writ of

certiorari requesting that this court quash[1] an omnibus order entered by the trial court

---

[1] Petitioner also sought various other forms of relief that this court would not have authority to grant in a certiorari proceeding. *See Piquet v. Clareway Props. Ltd.*, 314 So. 3d 423, 428 (Fla. 3d DCA 2020) ("[T]his Court's authority, on certiorari review, is limited to quashing the lower court's order."); *ABG Real Estate Dev. Co. of Fla., Inc. v. St. Johns Cnty.*, 608 So. 2d 59, 64 (Fla. 5th DCA 1992), *cause dismissed*, 613 So. 2d 8 (Fla. 1993) ("A court's certiorari review power does not extend to directing that any particular action be taken, but is limited to quashing the order reviewed.").

that denied her motion for contempt, denied her motion for emergency pick-up order, and granted in part and denied in part Respondent's motion for temporary relief. As to the motion for emergency pick-up order, we deny the petition.

The other portions of the omnibus order, however, are not appropriate for certiorari review. As to the motion for contempt, which alleged that Respondent was in contempt for violating the requirements of a previously entered final judgment, the order was a final order reviewable under Rule 9.110 of the Florida Rules of Appellate Procedure. As to the motion for temporary relief, the order was a nonfinal order which determined the rights of the parties regarding time-sharing under a parenting plan, and was, therefore, appealable as a nonfinal order under Rule 9.130(a)(3)(C)(iii)b. of the Florida Rules of Appellate Procedure. This court is not authorized to review the order on the motion for temporary relief through a petition for writ of certiorari because this court's certiorari review of nonfinal orders is limited to nonfinal orders other than as prescribed by Rule 9.130. *See* Fla. R. App. P. 9.030(b)(2)(A).

Florida Rule of Appellate Procedure 9.040(c) states, "If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought." Therefore, as to the order denying the motion for contempt, we treat the petition as an appeal of the trial court's order under Rule 9.110. As to the order on

2

the motion for temporary relief, we treat the petition as an appeal of the trial court's order under Rule 9.130(a)(3)(C)(iii)b.  Having done so, we find no error and affirm.

DENIED in part; AFFIRMED in part.

NARDELLA, MIZE and BROWNLEE, JJ., concur.


Melissa Elizabeth Harrell Hessert, Clermont, pro se.

Michelle Stile, of Stile Law, PLLC, Orlando, for Respondent, Gary Bell Hessert.

No Appearance for Respondent, Megan Weiland-Pulayya.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED